UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In Re* Application of

THE ATTORNEY GENERAL OF
THE BRITISH VIRGIN ISLANDS

*Applicant*

for Judicial Assistance to Obtain Evidence
for Use in a Foreign Proceeding Pursuant to
28 U.S.C. § 1782

Misc. Case No. 1:21-mc-00768-JGK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2021

## ~~(PROPOSED)~~ ORDER GRANTING APPLICANT'S APPLICATION FOR JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

Upon considering the Applicant's Application for Judicial Assistance to Obtain Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782, including the Declaration of Andrew R. Gilliland and the exhibit thereto and the Declaration of Niels Herbold and the exhibit thereto, (the "Application"), the Court hereby finds that:

1. the Application meets the statutory requirements of 28 U.S.C. § 1782 in that:

    a. Signature Bank resides and is found in this District;

    b. the evidence sought in the Application is for use in a proceeding before the Eastern Caribbean Supreme Court at the BVI ("BVI High Court"), a foreign proceeding within the meaning of 28 U.S.C. § 1782; and

    c. the Applicant is an interested party within the meaning of 28 U.S.C. § 1782; and

2. the discretionary factors set forth in <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241 (2004) weigh in favor of granting the relief sought in the Application in that:

    a. Signature Bank is not a party or intended party to the foreign proceeding;

1

  b. the BVI High Court is a foreign tribunal receptive to U.S. federal court assistance;

  c. the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions or other policies of the British Virgin Islands or the United States; and

  d. the relief sought in the Application is not overly burdensome or intrusive.

It is, therefore, hereby **ORDERED** that the Applicant may serve subpoenas <u>duces tecum</u> on Signature Bank, compelling the production of the items listed below, provided that (1) any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure, **including Fed. R. Civ. P. 45(a)(4)**, and (2) the Applicant **shall serve this Order, along with the subpoenas authorized by this Order, on Signature Bank, BV Airways Inc., Castleton Holdings LLC, Colchester Aviation LLC, Raptor Aviation Ltd., and Messrs. Scott A. Weisman, Jerry D. Willoughby, and Bruce F. Bradley**. The items to be produced include the following:

  a. in respect of all bank and other financial accounts (of whatever nature and also including any credit card, escrow, and other as of yet unknown accounts) of any of BV Airways Inc., Castleton Holdings LLC, Colchester Aviation LLC ("Colchester"), and/or Raptor Aviation Ltd., for the period from January 1, 2014, to the present, copies of all wire transfer records, debit advices, remittance advices, statements of account, correspondence, emails and other communications, checks, demand drafts, loan agreements, or any other documents;

  b. all documents and communications of whatever nature in connection with the account(s) that was/were opened in connection with the Escrow Deposit Agreement ("Escrow Agreement") entered into on or about May 10, 2016, among Colchester, the BVI Airports Authority, and Signature Bank, including all drafts of the Escrow Agreement prior to execution; and

    c. an affidavit meeting the requirements of N.Y. C.P.L.R. 3122-a certifying the documents produced as business records.

Nothing in this Order shall operate to preclude Signature Bank from seeking to quash or modify the terms or scope of any subpoena served on it pursuant to this Order.

Date: New York, NY
      October 29, 2021

SO ORDERED.

_____
**Barbara Moses**
**United States Magistrate Judge**